UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brock Gaudreault,

       Plaintiff,

v.                                                                                        Civil No. 12-1177 (JNE/JJG)
                                                                                                    ORDER

Elite Line Services, LLC,

       Defendant.

       This is an action for negligence brought by Brock Gaudreault against Elite Line Services, LLC.  Gaudreault invoked jurisdiction conferred by 28 U.S.C. § 1332 (2006 & Supp. V 2011).  The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010).  Observing that Gaudreault did not properly allege the citizenship of each party in his Complaint, the Court grants him an opportunity to file an Amended Complaint.

       Section 1332(a)(1) provides that a district court has original jurisdiction over a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties."  *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).  As the party invoking diversity jurisdiction, Gaudreault bears the burden of establishing the citizenship of each party.  *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

       In his Complaint, Gaudreault alleged that he "is a resident of the State of Minnesota."  It is well established that citizenship and residence are not synonymous for purposes of diversity jurisdiction.  *See, e.g.*, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012);

*Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341-42 (11th Cir. 2011); *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006); *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998); *Walker*, 108 F.3d at 161; *Dale v. Weller*, 956 F.2d 813, 814-15 (8th Cir. 1992); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Gaudreault alleged that Elite Line Services "is a foreign limited liability company" whose "princip[al] business address" is in Florida. For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); *cf. Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction."). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005. Gaudreault did not allege with specificity the citizenship of Elite Line Services' members.

Having failed to allege the citizenship of each party, Gaudreault has not satisfied his burden of alleging diversity jurisdiction. Within eight days of the date of this Order, Gaudreault

2

shall file an Amended Complaint that alleges the citizenship of each party at the time of this action's commencement.  *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574-75 (2004).  If Gaudreault fails to do so, the Court will dismiss this action for lack of subject-matter jurisdiction.  *See* 28 U.S.C. § 1653 (2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Dubach*, 135 F.3d at 593.

IT IS SO ORDERED.

Dated: May 21, 2012

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge